| | |
|---|---|
| CHIEF EDITOR | W. J. TOSSEL |
| President | J. F. Laning |
| Vice Pres & Cir. Mgr. | Sam H. Torrey |
| Secretary and Treasurer | S. R. Laning |

Issued Every Wednesday
50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

| | |
|---|---|
| Per year (50 issues) Payable in Advance | $15.00 |
| Single Numbers | .50 |
| First Semi-Annual Digest, No. 36, separately | 2.50 |
| Second Semi-Annual Digest, Vol. 2, No. 2 | 2.50 |

Subscribers have received our Third Semi-Annual Digest, and most of them have had time to look it over. As is explained in it, it is so paged that it may be used as an index to the copies of the first half year of 1924, or may be used as a separate desk book. If it is not bound in with the other numbers for the year, the paging of the annual volume will not be disturbed, as the Abstract and the Digest are paged independently.

Code Notes as they appeared in the January to July Digest, published last week, are a sample of the plan of our proposed cumulative publication of them. This week, we publish more of them. Later these paragraphs will be transferred to those already published in the Digest. Next and subsequent weeks, we will publish more of the paragraphs, and at the end of July, all of notes thus obtained will be assembled in a monthly issue, which will appear early in August.

We will thus be building up a Cumulative Code Notes of the broadest character and highest value. By keeping up this publication in this way, our subscribers will get the timely use of the holdings, each week as the cases appear.

The importance and need of this service in such a publication will be better understood when it is considered that the growth of statute law cases has been such that fully one-third of the reports now handed down have to do with decisions under the General Code. Within the year, we expect our Code Notes will fill at least 100 pages. Hence the propriety of thus segregating the publication of them.

This week, instead of the usual Digest, we are presenting our readers with a short paragraph form of Index to the Opinions in this issue, in which cases are classified according to subjects, and arranged topically under their respective heads. The reader can get a condensed view of the case, and from the given topical words and expressions. can readily refer back, a few pages only, to place where the case is found, should he be interested in any subject or be looking for any particular case or point. This plan of Indexing conserves space, and we believe, will be well thought of by our readers when they become familiar with it.

# U. S. DISTRICT COURT

## BI-PRODUCTS RECOV. CO. v. MABEE

U. S. Dist. Court, N. D. Ohio, W. D.

No. 218.   Decided Jan. 11, 1923

1247. WAIVER—Objection to venue in Federal Court waived by answer to merits.

677. JUDGMENT—1. Res Judicata—Conclusiveness not affected by appeal which does not operate as supersedeas.

2. Jurisdiction of subject matter essential.

327. COURTS—1. State Court has jurisdiction of suit to enforce contract for assignment of patent applications.

2. Incidental injunctive relief does not deprive State Court of jurisdiction of suit to enforce contract for patents.

PECK, D. J. (Sitting by Designation)

Epitomized Opinion

Suit in equity against Mabee. The amended answer set up two defenses. First. there was no jurisdiction, and second, res judicata resulting from the proceeding in the State Court. The Company instituted an action in the State Court and in the Federal Court against Mabee on the same day alleging in both actions that Mabee had assigned certain patents to the company and had fraudulently made subsequent assignments to others. The prayer was for an injunction against the making or recording of further assignments and in setting aside the assigments which had been made subsequent to the company's assignment.

The complaint in the Federal Court further alleged that Canadian patnets had also been assigned to the company. Service was first had in the State Court case in which Mabee was enjoined from assigning the inventions and order to assign the same to the company. Mabee appealed but his appeal did not vacate the injunction. The prayer in the Federal case is for an injunction against further assignments and for an injunction against making, using or licensing the inventions covered by the Canadian patents, and for specific performance of the contract to assist in the procuring the development of Canadian patents.

(Continued on Page 442)

## PROGRAM OF THE OHIO STATE BAR ASSOCIATION

To be Held at Hotel Breakers, Cedar Point. Monday, Tuesday and Wednesday, August 25, 26 and 27, 1924

The sessions will start promptly at the hours scheduled.

### Monday, August 25, 1924—Morning

12:00 M. Registration of Delegates and members at Hotel Breakers.

### First Session—Afternoon

2:30 P. M. Annual address of the President— "The Ohio State Bar Association—William L. Hart, Alliance, Ohio.

3:00 P. M. Reports of Officers—
Secretary_____J. L. W. Henney, Columbus
Treasurer_____John F. Carlisle, Columbus
Executive Secretary__Robert C. Mason, Columbus

Reports of Standing Committee—
Admission_____W. G. Thompson, Lebanon
Grievance_____Hon. Charles F. Close, Uppen Sandusky
Judicial Administration and Legal Reform__ _____Hon. John A. Cline, Cleveland
Legislation_____George W. Ritter, Toledo
Legal Biography___Hon. Lewis B. Houck, Mt. Vernon
Legal Education__Hon. Frank M. Clevinger, Wilmington
Uniform State Laws_____ _____Hon. Thomas H. Darby, Cincinnati

Reports of Delegates to American Bar Association—
Hon. John J. Sullivan_____Cleveland
Hon. Province M. Pogue_____Cincinnati
Hon. Daniel W. Iddings _____Dayton

4:30 P. M. Meeting of Prosecuting Attorneys' Section, Hon. Edward C. Stanton. chairman, presiding.
Address—"Prosecutor's Duty to State and Defense"—Hon. Marshall Fenton, Chillicothe.

### Second Session—Evening

8:00 P. M. Concert—Rotunda, Breakers' Hotel, "Songs of Long Ago," The Harper Gracia Smythe Concert Company.

8:00 P. M. Conference of Bar Association Delegates, Hon. George R. Harris, Cleveland, Chairman.

### Tuesday, August 26, 1924
### Third Session—Morning

9:30 A. M. Business Session.

10:00 A. M. Address—"Compulsory Liability Insurance"—Hon. Henry Swift Ives, Chicago, Ill.

11:00 A. M. Address—"Study of Law Under English System," Hon. Henry M. Bates, Dean of University of Michigan Law School, Ann Arbor, Michigan.

12:00 M. Meeting of Members from Judicial Districts for election of Standing Committees.
(Secure blanks from the Secretary.)

### Fourth Session—Afternoon

1:30 P. M. Meeting of Judicial Section. Hon. C. T. Marshall, Columbus, presiding.

2:30 P. M. Address—"The Grotius Memorial," Hon. Newton D. Baker, Cleveland.

2:45 P. M. Address—Hon. Curtis D. Wilbur. Secretary of the Navy, Washington, D. C.

4:00 P. M. Nomination and Election of Officers—Organization of Committees.

### Fifth Session—Evening

6:30 P. M.—Banquet and ball—Hotel Breakers.

### Wednesday, August 27, 1924
### Sixth Session—Morning

9:30 A. M. Unfinished Business.

10:00 A. M. Address — "The Psychology of Legislation." Hon. H. H. Griswold, Speaker of House of Representatives, 85th General Assembly, Columbus.

11:00 A. M. Address—"The Supreme Court of the United States," Hon. Charles Warren, former Assistant U. S. Attorney and author of "The Supreme Court in United States History," Washington, D. C.

12:00 M. Adjournment.

---

### Officers, 1923-1924

William L. Hart_____Alliance
President
Carrington T. Marshall_____Columbus
Chairman Judicial Section
Edward C. Stanton_____Cleveland
Chairman Prosecutors' Section
Chairman Conference Bar Association Delegates
J. L. W. Henney_____Columbus
Secretary
John F. Carlisle_____Columbus
Treasurer
Robert C. Mason_____Columbus
Executive Secretary

### Executive Committee

William L. Hart, Alliance, Chairman (ex-officio); J. L. W. Henney, Columbus, Secretary (ex-officio); Albert D. Alcorn, Cincinnati; Frank W. Geiger, Springfield; Grant E. Mouser. Marion; A. R. Johnson, Ironton; Charles B. Hunt. Coshocton; G. Ray Craig, Norwalk; W. W. Cowen, St. Clairsville; Louis H. Winch, Cleveland; W. E. Slabough, Akron.

### Registration Bureau

Opens at Hotel Breakers, Main Labby, 12 o'clock noon, Monday, Aug. 25.

Please register at once, present railroad certificiate and secure badge, revised program and ticket for Association dinner.

### Railroad Data

Reduced Rates: Arrangements have been made whereby members of the Association and dependent members of their families who attend the Forty-fifth Annual Meeting will have the benefit of a fare and one-half, upon payment of a full fare going to Sandusky, securing a CERTIFICATE from railroad agent upon purchasing ticket, which certifying after validation by special railroad agent stationed at Headquarters, Hotel Breakers, Cedar Point, will entitle holder to one-half fare upon purchasing return ticket.

Ask for a certificate from local railroad agent upon purchasing ticket.

Before reduced rate of fare and one-half will be available to members, 350 certificates must be presented and validated at Registration Bureau.

# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

### OHIO SUPREME COURT

The following is the most complete and accurate List of Cases and Decisions Filed and Disposed of in this Court.

It is the Only List in which cases are Indexed and Annotated by back references to the place where they have formerly appeared, thus giving their complete record.

## WEEKLY LIST OF NEW CASES DOCKETED

### INDEX OF NEW CASES DOCKETED

Albright et v. Irwin et_____16170
Brady v. State_____18675
Butterick Pub. Co. v. Smith et_____18680
Dellenbaugh v. Cuddeback _____18674
Etting v. M. W. & O. Telph. Co._____18676
Foltz Grocery Co. v. Brown, Sec. of St._18689
Freeman v. Indus. Com._____18669
Irwin et v. T. F. & F. Ry. Co._____18672
Herman v. Teplitz _____18688
Johnson Candy Co. v. George_____18678
Jones v. Skinner _____18655
Kennedy v. P. U. C._____18667
Kerns v. Goodman _____18873
Kiras v. Mich. Cent. Ry._____18662
Langshaw v. Stone et_____18687
Lentz v. Lentz _____18692
Mangan v. State _____18686
Markel v. Reinbolt _____18691
McNary v. Siddall _____18685
Neffle v. Cleve. & S. Brewing Co._____18668
Schilling v. P. U. C._____18666
Smallwood Stone Co. v. Smallwood_____18677
State v. Balser _____18683
State v. Johnson _____18684
State ex v. Locher, Dir._____18663, 18664
State v. Peters _____18681
Tol. & I. Rd. Co. v. Stryker (Vil.)_____18679
Tolliver v. State _____18690
Weirton Steel Co. v. 1st Nat. Bank_____18671
W. U. Tel. Co. v. Nixon _____18682

### June 20

18662—Mary Kirras, Administratrix of the Estate of Tony Gross, deceased v. Michigan Central Railroad Co.; motion to direct Lucas Appeals to certify its record. S. A. Thatcher and C. A. Meek. Toledo, for plaintiff.

18663—State of Ohio ex rel John Davis v. Cyrus Locher, as Director of Department of Commerce; in Mandamus. Denman, Wilson & Miller, Toledo, for plaintiff.

18664—State of Ohio ex rel Beorge B. Kopf v. Cyrus Locher, Director of Department of Commerce. In Mandacus.

18665—Albert Jones, doing business as Jones Auto Top Co., v. Armor E. Skinner; motion to direct Franklin Appeals to certify its record. W. J. Ford and Ballard, Jones & Price, Columbus, for plaintiff; J. L. Stanton and Hogan & Hogan, Columbus, for defendant.

### June 21

18666—Paul Schelling et al v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. Scott & Scott, Cambridge, for plaintiff; C. C. Crabbe and John W. Bricker, Columbus, for defendant.

18668—Jeannette Neffle v. Cleveland & Sandusky Brewing Co.; motion to direct Cuyahoga Appeals to certify its record. Payer. Winch, Marshall & Karch, Cleveland, for plaintiff; Boyd, Cannon, Brooks & Wickham, Cleveland, for defendant.

18669—Bain Freeman v. Industrial Commission of Ohio; motion to direct Columbiana Appeal to certify its record. P. M. Smith and Willard C. Cole v. Clarence Irwin and Charles Thatcher; motion to direct Lucas Appeals to certify its record. Marshall & Frazer, Toledo, for plaintiff; C. A. Thatcher and C. A. Meck, Toledo, for defendants.

### June 23

18671—Weirton Steel Co. (Corp.) v. First National Bank of Chillicothe; motion to direct Ross Appeals to certify its record. Tharp, Bostwick, Stewart & Reed, Pittsburgh, Pa., Williams, Sinks & Williams, Columbus, and Walter Boulger. Chillicothe, for plaintiff; Wilby H. Hyde, Chillicothe, for defendant.

18672—Clarence Irwin and Charles Thatcher v. Toledo, Fostoria & Findlay Railway Co.; motion to direct Lucas Appeals to certify its record. C. A. Thatcher and C. A. Meck, Toledo, for plaintiffs; Denman & Wilson, Toledo, for defendants.

18673—Wesley Kerns v. Claude Goodman; motion to direct Ross Appeals to certify its record. Luther Yaple, Chillicothe, and F. N. R. Redfern, Adelphi, for plaintiff; Walter Boulger, Chillicothe, for defendant.

18674—Sarah Dellenbaugh v. James Cuddeback; motion to direct Columbiana Appeals to certify its record. K. L. Cobourn, Salem, for plaintiff; Geo. Farrell and C. S. Speaker, Lisbon, for defendant.

18675—James Brady v. State of Ohio; motion to direct Erie Appeals to certify its record. Hogan, Hogan & Hogan, Columbus, and Geo. Beuis, Sandusky, for plaintiff; Earl Krueger, Pros. Atty., Sandusky, for defendant.

18678—Ella Etling v. Millerburg, Wooster & Orrville Telephone Co.; motion to direct Wayne Appeals to certify its record. Critchfield & Etling, Wooster, for plaintiff; C. R. Carey, Millersburg, and W. H. Ross, Wooster, for defendant.

### June 24

18677—Smallwood Stone Co. v. William Smallwood; motion to direct Jefferson Appeals to certify its record. E. E. Erskine and C. A. Vail, Steubenville, for plaintiff; Rogers & Cohen, Steubenville, for defendant.

### June 26

18678—William Johnson Candy Co. v. Louis George; motion to direct Wayne Appeals to certify its record. Critchfield & Etling, Wooster, for the plaintiff; C. W. Harn, Orrville, and Weygand & Ross, Wooster. for defendant.

### June 27

18679—Toledo & Indiana Railroad Co. v. Village of Stryker. Williams County, Ohio; motion to direct Williams Appeals to certify its record. A L. Gebbard, Bryan, for plaintiff; Chas. Scott, Bryan, for defendant.

18680—Butterick Publishing Co. v. Maurice Smith and Anna Smith; motion to direct Hamilton Appeals to certify its record. Clark Wilby, Cincinnati, for plaintiff; Alvin H. Reive, Cincinnati, for defendants.

#### June 28

18681—State of Ohio v. W. F. Peters; motion for leave to file bill of exceptions to Common Pleas of Portage county. A. L. Heisler, Pros. Atty., Ravenna, and C. C. Crabbe, and A. H. Wicks, Columbus, for plaintiff.

#### June 30

18682—Western Union Telegraph Co. v. Arthur Nixon; motion to direct Butler Appeals to certify its record. Francis Stark, Jos. Egan, New York City, N. Y., and Ireton & Schoene and Oscar Kuhn, Cincinnati, for plaintiff; Roy Fitzgerald, Dayton, and Andrews & Rogers, Hamilton, for defendant.

#### July 1

18683—State of Ohio ex rel Harold Balser v. Garrett W. Bowen; In Mandamus. Murphy & Joseph, Cincinnati, for plaintiff.

18684—State of Ohio ex rel T. E. Franklin v. O. C. Johnson; In Mandamus. Murphy & Joseph, Cincinnati, and Chas. Earhart, Columbus, for plaintiff.

18685—Thomas McNary v. Jesse Siddall; motion to direct Lucas Appeals to certify its record. Eva E. Shaw and M. C. McEnerny, Toledo, for plaintiff; Stahl & Price, Toledo, for defendant.

#### July 2

18686—James Mangan v. State of Ohio; motion to direct Cuyahoga Appeals to certify its record. Chas. M. Earhart, Columbus, for plaintiff.

18687—Millie Langshaw, Executrix of Stephen Langshaw. deceased, v. Myrtle Stone, Mabel Stacey, Kittie Hager, Carrie Langshaw Sullivan and Harry Langshaw; motion to direct Cuyahoga Appeals to certify its record. Spear, Godfrey & Spear, Cleveland, for plaintiff; Calfee & White, Cleveland, for defendants.

#### July 5

18688—Olga M. Herman v. Meyer Tiplitz, motion to direct Cuyahoga Appeals to certify its record. Fackler & Morgan, Cleveland, for plaintiff; J. C. Cline, Cleveland, for defendant.

18689—Foltz Grocery & Baking Co. v. Thad H. Brown, as Secretary of State; error to Franklin Appeals. Robt. Taft, Cincinnati, Frank Calkins, Toledo, C. H. Duncan, A. J. Shearer and A. M. Calland, Columbus, for plaintiff; C. C. Crabbe, Herbert Miller and H. H. Griswold, Columbus, for defendant.

#### July 7

18690—Gordon Tolliver v. State of Ohio; motion to direct Athens Appeals to certify its record. Woolley & Rowlands, Athens, for plaintiff; R. W. Finsterwald. Pros. Atty., Athens, for defendant.

18691—Mary Markel v. Joseph F. Reinbolt; motion to direct Sandusky Appeals to certify its record. Marion Bacome, Homer Rawey and John Steele Toledo, for plaintiff.

18692—Alta F. Lentz v. John J. Lentz; motion to direct Franklin Appeals to certify its record. C. M. Addison, Columbus, for plaintiff; Henry A. Williams, Columbus, for defendant.

# WEEKLY REPORT OF SUPREME COURT PROCEEDINGS

### Saturday, June 21, 1924

### INDEX TO CASES

#### Index of General Docket Decisions

DeGrott v. Skrbina_____ 18268
Findlay (City) v. P. U. C._____ 18121
Floyd, Aud., v. Man. L. & H. Co.____ 18092
Gt. Am. Indem. Co. v. Jones_____ 18146
Hecker. Insp., v. State ex_____ 18318
Kinsey v. Ahrens_____ 18168
Knott v. Moore-Lamb Co._____ 18277
Marfield v. C. D. & T. Trac. Co._____ 18166
Missouri Inst. v. Ahrens_____ 18167
Phelps v. Ohio Bell Co._____ 18434
Tax Com. v. Nat. Mal. C. Co._____ 18454
Union News Co. v. Freeborn_____ 18211

#### Index to Motion Docket Decisions
##### Overruled

Bank of Knoble v. Parsons et_____ 18538
Dues v. Esser_____ 18578
Full v. Dent_____ 18580
Isaac v. Miller, Aud._____ 18559
Johnson v. Zimmerman_____ 18537
Ream v. State ex_____ 18496
State et v. Wolfe_____ 18557
Stewart v. Kaulich_____ 18535
Struthers (City) v. Tod_____ 18519
Mannix v. Hewett_____ 18531
Wertheimer v. Neurad_____ 18523
Wertheimer v. Lust_____ 18524

##### Sustained

Drew v. Gross_____ 18518
State et v. Wolfert_____ 18557
Walters v. B. & O. S. W. Ry._____ 18555
State ex v. Clark_____ 18514

## SUPREME COURT OF OHIO
### GENERAL DOCKET
For syllabi of these cases, see page 439

18092—Sherman Floyd, Aud., v. Manufacturers Light & Heat Co.; error to Jefferson Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18121—City of Findlay v. Public Utilities Commission; error to the Public Utilities Commission. Order affirmed. Robinson, Jones, Matthias and Day, JJ., concur. Marshall, C. J., and Allen, J., dissent.

18146—Great American Mutual Indemnity Co. v. Dwight Jones; error to Jackson Appeals. Judgment affirmed. Marshall. C. J., Robinson, Matthias, Day and Allen, JJ., concur. Jones, J., not participating.

18166—Dwight S. Marfield v. C. D. & T. Traction Co. et al; error to Hamilton Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18167—Missouri Province Educational Institutional Institute v. Chris Ahrens et al; error to Hamilton Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18168—George Kinsey v. Chris Ahrens et al; error to Hamilton Appeals. Judgment affirmed. Marshall, C. J.. Robinson, Jones, Matthias, Day and Allen, JJ., concur.

## STATE SUPREME COURT —Continued

18211—Union News Co. v. Ella G. Freeborn; error to Cuyahoga Appeals. Judgment affirmed. Robinson, Matthias, Day and Allen, JJ., concur.

18268—Marie DeGroodt, Exrx., v. Rade Skrbina, Admr.; error to Mahoning Appeals. Judgment affirmed. Jones, Matthias, Day and Allen, JJ., concur.

18277—Joseph F. Knott et al v. Moore, Lamb Construction Co.; error to Mahoning Appeals. Judgment reversed. Marshall, C. J., Robinson, Matthias, Day and Allen. JJ., concur.

18318—Ralph Hecker, Inspector, v. The State ex rel City of Cleveland; error to Cuyahoga Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18484—George H. Phelps, on behalf of the City of Findlay, Ohio, v. The Ohio Bell Telephone Co. et al; error to Hancock Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18454—Tax Commission of Ohio et al v. National Malleable Castings Co.; error to Cuyahoga Appeals. Judgment reversed. Robinson. Jones, Matthias, Day and Allen, JJ., concur.

18543—State ex rel C. C. Crabbe, Atty Genl., v. Municipal Savings & Loan Co. et al; error to Cuyahoga Appeals. Judgment reversed. Marshall, C. J., Robinson, Matthias and Allen, JJ., concur. Jones and Day, JJ., dissent.

---

## MOTION DOCKET

18496—Clara L. Ream, Admx., v. State ex rel Alfred Ream. Motion to order Putnam Appeals to certify record. Overruled.

18514—State ex rel Harry Porter, a taxpayer, v. J. L. Clark et al. Motion to order Sandusky Appeals to certify record. Sustained.

18518—E. E. Drew v. Edward J. Gross. Motion to order Seneca Appeals to certify record. Sustained.

18519—City of Struthers et al v. Fred Tod. Motion to order Mahoning Appeals to certify record. Overruled.

18523—Lee Wertheimer et al v. Adolph Neurad et al. Motion to order Hamilton Appeals to certify record. Overruled.

18524—Lee Wertheimer et al v. Matthias Lost. Motion to order Hamilton Appeals to certify record. Overruled.

18531—A. B. Mannix v. Maud Shoff Hewitt et al. Motion to order Trumbull Appeals to certify record.

18535—E. H. Stewart v. Steve Kalulich et al. Motion to order Trumbull Appeals to certify record. Overruled.

18537—Elmer J. Johnson et al v. Aaron H. Zimmerman. Motion to order Vinton Appeals to certify record. Overruled.

18538—Bank of Knoble v. G. A. Persons et al. Motion to order Lorain Appeals to certify record. Overruled.

18555—Edward Walters v. The B. & O. S. W. Ry. Co. Motion to order Vinton Appeals to certify record. Sustained.

18557—The State ex rel Michael Behm, a taxpayer, v. Edith Wolfert et al. Motion to order Lucas Appeals to certify record. Overruled.

18557—The State ex rel Michael Behm, a taxpayer, v. Edith Wolfert et al. Motion by defendant to dismiss petition in error as of right sustained.

18559—George Isaac v. H. C. Miller, Auditor, et al. Motion to order Williams Appeals to certify record. Overruled.

18578—Joseph J. Dues et al v. Rudolph Esser. Motion to order Auglaize Appeals to certify record. Overruled.

18580—Valentine Full et al v. Christine Dent. Motion to order Hamilton Appeals to certify record. Overruled.

---

# Supreme Court Current Opinions

### No. 418

No. 18268—Marie DeGroodt, Executrix, v. Rad Skrbina, Admr., etc Error to the Court of Appeals of Mahoning County.

829. NEGLIGENCE—Contractor leaving an unsecured wagon in street, he was improving, liable for injury to child playing therewith.

480. EVIDENCE. Money offered by a defendant to a witness, competent evidence in chief, for plaintiff.

JONES, J.

1. For the purpose of preventing travel upon a newly constructed pavement, a contractor erected a barricade on the street, consisting in part of a two horse dump wagon which was permitted to be unsecured in a vicinity where children were accustomed to play therewith. This, together with the danger that might result to the children therefrom, was brought to the knowledge of such contractor. A child under six years of age was injured by the dump wagon so placed; and if, under the circumstances, reasonable care was not exercised by the contractor in leaving the dump wagon in a secure condition, thereby causing the death of such child, the contractor becomes liable.

2. An offer of money made by a defendant to a witness for the purpose of influencing her attitude as such, is competent testimony against the defendant, and may be introduced by the plaintiff as a part of his case.

Judgment affirmed.

Matthias, Day and Allen, JJ., concur.

### No. 419

No. 18166—Marfield v. C. D. & T. Traction Co. et al.

No. 18167—Missouri Province Educational Institute v. Chris Ahrens et al.

No. 18168—George Kinsey v. Chris Ahrens et al. Error to the Court of Appeals of Hamilton county.

313. CORPORATIONS — 1. Stockholder's liability, under constitution of 1851 for debts enforcible.

2. Holders of railroad bonds containing a written waiver of such liability have no recourse on stockholders of a consolidated company, including it.

3. Failure to make such waiver applicable to successors and assigns, is supplied and made applicable to consolidated company by 9038 GC.

4. Effect of consolidation of two railway corporations under 9027 GC., is to merge and perpetuate the constituent corporations.

MARSHALL, C. J.

1. The liability of the stockholders for corporate debts created by Section 3 of Article XIII of the Constitution of 1851 is a part of the corporate liability which attaches to the stockholders not as individuals but as members of the corporation.

2. The corporation may at the time of creating corporate obligations stipulate for a waiver of such liability as a condition to the contract. Such waiver subsists in contract and if fairly made and supported by a valid consideration is enforceable and not contrary to sound public policy.

3. Where a railroad corporation in 1900 executes a bond to secure by mortgage upon all its real and personal property including after-acquired property and a condition is written therein that, "The holder of this bond shall have no recourse for its payment to any individual liability imposed by statutes or otherwise, upon any present or future stockholder or officers of said The Southern Ohio Traction Co.; such liability being taken to be waived by such holder," and said railroad corporation is thereafter in 1902 consolidated in accordance with and under authority of Ohio laws with another Ohio railroad corporation, such waiver though by its terms an exemption to any corporation other than The Southern Ohio Traction Co.., is nevertheless effective in favor of the stockholders to whom the stock of such consolidated company is distributed.

4. The failure to make said waiver applicable to the successors and assigns of The Southern Ohio Traction Co. is supplied and said waiver is made applicable to the consolidated company by the provisions of Section 9038, General Code.

5. The effect of a consolidation of two railroad corporations in accordance with the provisions of Section 9027 et seq., is to merge the constituent corporations into a single organization, thereby perpetuating the substantial existence of the constituent corporations.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 420

No 18146—The Great American Mutual Indemnity Co. v. Dwight Jones Error to the Court of Appeals of Jackson county.

637. INSURANCE—Construction of an insurance policy capable of different interpretations given most favorable to insured.

2. Automobile accident company held liable for injury caused by collision of with the ground, result of turning short curve.

MATTHIAS. J.

1. An insurance policy which contains language reasonably susceptible to different interpretations will be given the construction most favorable to the assured.

2. Under an insurance policy indemnifying the assured against direct loss or damage to the automobile therein described by "accidental collision with another object, either moving or stationary," and immediately after such provision are the following exceptions and limitations: ("excluding, however, under this clause only, ordinary breakage and all loss or damage by fire arising by reason of accidental collision). Loss or damage to any tire due to puncture, cut, gash, blowout, or other ordinary tire trouble, or in any event, loss or damage to any tire unless caused by an accidental collision which also causes other loss or damage to the insured automobile, shall not be covered hereby," the insurance company is liable for injury to such automobile caused by a collision with the paved roadway as a result of turning a sudden and sharp curve which threw the automobile over on its side.

Judgment affirmed.

Marshall, C. J., Robinson, Day and Allen, JJ., concur.. Jones, J., not participating.

---

No. 421

No. 18318—Ralph Hecker. Inspector, etc., Village Cuyahoga Heights, etc., v. State ex rel City·of Cleveland, etc. Error to the Court of Appeals of Cuyahoga county.

801. MUNICIPAL LAW. Garbage plants not to be abolished as nuisance—And not by another municipality, wherein plant is located —Extension thereof not to be prevented by it.

MATTHIAS, J.

1. The state legislature in the exercise of its police power has authorized the erection and operation of garbage plants by municipalities within or without their limits, and any such plant so equipped and operated as to eliminate all avoidable gases, odors and liquids cannot be abolished as a public nuisance.

2. Where, pursuant to law, a municipality has procured land outside of its corporate limits and erected thereon a garbage disposal plant and thereafter such location is brought within the limits of another municipality, the latter cannot thereafter arbitrarily declare such disposal plant a public nuisance, nor by refusing a building permit prevent the extension and enlargement thereof required to meet the needs of said first named municipality, when it appears that the most efficient methods known for the elimination of offensive gases, odors and liquids in the reduction process have been adopted and employed therein.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.

---

No. 422

No 18092—Sherman M. Floyd, Auditor, v. Manufacturers Light & Heat Co. Error to the Court of Appeals of Jefferson county.

1157. TAXATION—1. Review of order of State Tax Commission, under 5611-2 GC. is an

## OHIO SUPREME COURT—Continued

error proceeding—Common Pleas not required to render final judgment of true value in money off as a utility.

2. What Tax Commission may take into consideration in determining true value in money of property of a public utility engaged in interstate commerce.

MARSHALL. C. J.

1. Section 5611-2, General Code, making provision for review of an order of the tax commission is an error proceeding. The permission to call witnesses and hear other evidence in the Court of Common Pleas is an aid to the court in determining the matter which does not change its character.

2. Nothing contained in Section 5611-2, General Code, and nothing implied from its provisions requires the Court of Common ·Pleas to enter final judgment in the case finding the true value in money of the property of a utility within the state of Ohio.

3. In such a proceeding the Court of Common Pleas is required upon request to find the ultimate facts upon which its judgment is based, but need not make a finding of the value of the property if in its discretion it orders the cause remanded to the tax commission for further proceedings.

4. In determining the true value in money of property within the state of Ohio belonging to a public utility engaged in interstate commerce the tax commission may take into consideration everything which would render the property desirable as an investment, including the good will of the concern, the skill, experience and energy with which its business is conducted, the franchises owned and utilized in Ohio and elsewhere and the profits earned by the entire property. Thereupon the entire value of the utility must be ascertained, not in parts, but as a whole, augmented by the value of the aforesaid elements, and the value of the property in Ohio is the proportion which the property within the state of Ohio bears to the entire property of such public utility.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

### No. 423

No. 18277—Joseph F. Knott and Nellie R. Knott. v. The Moore-Lamb Construction Company. Error to the Court of Appeals of Mahoning county.

297. CONTRACTS—1. When evidence is conflicting, as to agreed upon price of building contract, testimony to show its value is competent.

2. In an action to recover on a cost plus contract, when issue is made as to actual cost of construction, reasonable cost of labor and material may be shown.

ALLEN, J.

1. In an action to recover an amount due on a contract for building when the testimony is conflicting as to the price agreed upon for the building, it is competent to show the estimated value of such building at the time the

contract was made as tending to show what the agreed price was. Such evidence is also competent for the purpose of impeaching the creditability of witnesses. as to the actual cost of the building.

2. In an action to recover an amount due on a cost plus building contract when an issue is made by the pleadings as to the actual cost of the construction. it is competent to show the reasonable cost of labor and materials at the time the labor was performed and the materials were furnished as tending to show what the actual cost was.

Judgment reversed.

Mrsnall, C. J., Robinson, Matthias and Day, JJ., concur.

---

### No. 424

No. 18543—The State ex rel v. C. C. Crabbe, Attorney General, v. The Municipal Savings & Loan Company, a corporation, et al. Error to the Court of Appeals of Cuyahoga County.

866. OFFICERS—Trustees of a corporation appointed by directors under 11872 GC. are its employes, and not eligible as receivers of the corporation, in an action for dissolution.

ALLEN, J.

1. Trustees of a corporation appointed by the directors of the corporation pursuant to Section 11972, General Code, are employes of the corporation and hence are persons interested in an action for dissolution of the corporation.

2. Under Section 11895, General Code, such trustees are not eligible to appointment as receivers for the said corporation in an action for its dissolution.

Judgment reversed.

Marshall, C. J., Robinson and Matthias, JJ., concur. Jones and Day. JJ., dissent.

---

### No. 425

No. 18454—The Tax Commission of Ohio and John A. Zangerle, as Auditor of Cuyahoga County, Ohio, v. The National Malleable Castings Company. Error to the Court of Appeals of Cuyahoga County.

1157. TAXATION—Sec. 5327 GC. defining "credits" does not violate Art. XII, Sec. 2. or other section of constitution—Use of "debits" in that section, does not authorize deduction of such taxes from sum of legal claims and demands.

ROBINSON, J.

1. The definition of the term "credits" enacted in Section 5327, General Code, is an exposition of the sense in which the legislature understood the word to have been used in Section 2, of Article XII, of the Constitution of Ohio, and while ineffective to either add anything to or take anything from that provision of the Constitution, it violates no provision of that section or any other section of the Constitution of Ohio.

2. The legislature in its definition of "credits," in Section 5327, General Code (95 O. L. 533), used the word "debts" in the signification of an obligation based upon contract expressed or implied, and did not thereby authorize the deduction of such taxes from the sum of all legal claims and demands.

Judgment reversed.

Jones, Matthias, Day and Allen, JJ., concur.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

---

No. 426

BROCKMAN v. STATE

Supreme Court of Ohio

On Motion for Leave to File Petition in Error
Docketed May 24, 1924

465. ERROR—

1. In selection of jury.

2. Rulings on admissibility of evidence.

3. Attitude of Court towards counsel for defense.

Brockman was indicted with Tieman and Kingsbury for murder in the first degree. Brockman was tried three times. The jury disagreed twice. At the third trial he was convicted of murder in the second degree. The testimony showed that Tieman and Kingsbury, together with a third party, robbed a man by the name of Brate, who was accompanied by a young lady named Starr, in Lockland on the 16th day of January, 1921. Brate later secured a revolver and flashlight and together with Miss Starr and a man by the name of Corry, started out to hunt for the robbers, whom they found at Arlington Heights. Brate jumped from the machine, pointed the revolver at the robbers and ordered them to hold up their hands.

She also jumped out, threw the flashlight on the men and took some of the property that had been stolen. During the course of this proceeding Brate and one of the robbers exchanged shots and Brate was killed. Tieman and Kingsbury testified that Brockman was the third party with them on that night. Miss Starr had previously identified two of the men as the men who had robbed them that night, but repudiated her previous identification and undertook to identify Brockman as the third man of the party. Brockman's defense was that he was elsewhere at the time the crime was committed. The case was tried in the Hamilton Common Pleas, and on error proceedings was affirmed in the Court of Appeals.

Counsel for Brockman claimed error in the trial for the following reasons:

1. That the State's attorney was allowed to question each juror as follows:

"I want you to assume for the purpose of answering this question, that Kingsbury, Tieman and Brockman committed this robbery and murder. I want you to assume that Kingsbury and Tieman are going to testify for the State against the defendant. Would the mere fact that they were out there with him that night and they are now testifying against him, prejudice you against them or their testimony?"

2. In sustaining the challenge of the State to a juror who answered the foregoing question in the affirmative.

3. In permitting the prosecutor to ask Miss Starr, the leading witness, leading questions as to her identification of Brockman and denying defense counsel on re-cross-examination to question her relative to testimony given by her at the coroner's inquest.

4. In direct testimony Miss Starr stated that all of the robbers held up their hands. On cross-examination, she was questioned as to whether she had not testified differently at the first trial of the case. On re-direct examination the prosecutor, on the leading question, asked her if she had not testified before the coroner that all of the men except one short man threw up their hands.

5. Testimony of a witness as to what Kingsbury had told her about the robbery and who were concerned in it.

6. Refusal of the court to allow a witness for the defense to testify whether or not Brockman was playing cards with him in a certain cafe every Sunday night during January, the night of the murder. January 16, 1921, having been on a Sunday night.

7. The permission of the cross-examination and rebutting testimony with reference thereto, of Bessie Brockman, sister of the defendant, which tended to disgrace the witness and not to affect her creditability.

Attorney—Arthur Georgi, Edward M. Ballard, for Brockman.

On a hearing the bill was dismissed as to all matters except those dealing with the Canadian patents and it was held:

1. That the objection that the defendant was an American citizen and an inhabitant of New York or Illinois and could only be sued in the state of his residence goes to venue and not to jurisdiction and this objection has been waived by answering to the merits.

2. The judgment in the State Court is at bar to a subsequent suit as to all matters within the jurisdiction of the State Court and therein determined. Notwithstanding an appeal which under the state statute does not supersede the judgment.

3. Want of jurisdiction of subject matter is, if true, a good reply to the plea of the bar of former judgment.

4. The State Court had jurisdiction to enforce a contract establishing title to a patent as this does not involve any question of infringement of patent.

5. The State Court had jurisdiction to grant specific performance of a contract involving the title to a patent if it does not determine the question of infringement.

6. The prayer for an order directing Mabee to assist in the procuring of letters patent upon specified applications is too general as well as too vague to be made the subject for an order of specific performance.

7. The State Court has completed all issues presented except those relative to the Canadian patents and the bill is dismissed as to all matters so concluded.

Attorneys—Ritter & Hutchens, for By-Products Recovery Co.; J. H. Boyd, for Mabee; all of Toledo.